UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SCOTT SCHAFFER and          )
JENNIFER FAULKNER,          )
                            )
            Plaintiffs,     )
                            )
        vs.                 )        No. 4:05-CV-2408 CEJ
                            )
SAFECO INSURANCE COMPANY OF )
AMERICA,                    )
                            )
            Defendant.      )

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' amended motion to compel. Defendant has opposed the motion, and the issues are fully briefed.

In 2004, plaintiffs sustained damage to their home and its contents, and requested coverage under a homeowners' policy issued by the defendant. Plaintiffs claim that the damage to their home constituted a "total loss" under Missouri's valued policy statute, Mo. Rev. Stat. § 379.140. "Total loss" is not a term defined in the policy, or directly by the valued policy statute. Plaintiffs argue that the contractual term is ambiguous, and that they are entitled to look to the meaning ascribed to the term by the parties. They seek to compel the production of "materials, manuals, documents, bulletins, or other directives, in which Defendant defines what a 'total loss' means in the policy of

insurance that was issued to the Plaintiffs." Pltfs.' Amended Mot. to Compel, Ex. A.

Defendant refused plaintiffs' request to produce this material, claiming that the request is vague and ambiguous, overly broad and unduly burdensome, seeks irrelevant material, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, defendant claims that the request seeks documents covered by the attorney-client privilege and the work product doctrine. In its opposition to plaintiffs' amended motion to compel, the defendant contends that the meaning of "total loss" is for the Court to decide as a matter of law, and thus other documents of defendant's bearing on its understanding of "total loss" are irrelevant. Defendant argues that because the valued policy statute is only applicable to circumstances of "total loss," the meaning of "total loss" as used in the policy is a matter of statutory construction.

> In a valued policy, the value of the property insured is agreed upon by the parties. If a total loss of the insured property occurs, then the insurance company pays the stipulated value; the actual value is irrelevant. Valued policies are said to precisely fix the risks and are analogous to liquidated damages provisions in other contracts.

Polytech, Inc. v. Affiliated FM Ins. Co., 21 F.3d 271, 273 (8th Cir. 1994) (internal quotations and citations omitted). Missouri's valued policy statute states that "in the case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured. . . ." Mo. Rev. Stat. § 379.140.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Missouri courts have defined "total loss" in the valued policy statute as follows: "By a total loss is meant that the building has lost its identity and specific character as a building, and become so far disintegrated that it cannot be properly designated as a building although some part of it may remain standing." <u>Patriotic Ins. Co. of America v. Franciscus</u>, 55 F.2d 844, 849-50 (8th Cir. 1932), <u>quoting</u> <u>O'Keefe v. Liverpool & L. & G. Insurance Co.</u>, 41 S.W. 922 (Mo. 1897).

In <u>Stevens v. Norwich Union Fire Ins. Co.</u>, 96 S.W. 684, 688 (Mo. Ct. App. 1906), the court held that

> the question for decision in case of an alleged total destruction, is whether the building, as a building, has lost its identity and specific character as such, by means of the fire and as a result thereof has become so far disintegrated that it can no longer be properly designated as a building, even though some parts of it may remain standing. This is settled by numerous adjudications on the subject, and as a law proposition, it is no longer open; at least it is concluded as far as this court is concerned.

<u>Id.</u> Thus, while "total loss" is not defined in the valued policy statute, Missouri courts have consistently construed the term for more than one hundred years. In that sense, the phrase "total loss" is not ambiguous. Any idiosyncratic meanings the parties might have had for the phrase is essentially irrelevant, because the meaning of the term is determined by the judicial interpretations of the statute in which it appears. Furthermore, "unless a contract provides otherwise, the law applicable thereto at the time and place of its making, including statutory provisions and judicial precedents, is as much a part of the contract as

- 3 -

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

though it were expressly referred to and incorporated in its terms." <u>Sadler v. Board of Educ. of Cabool School Dist.</u>, 851 S.W.2d 707, 712-13 (Mo. Ct. App. 1993).

Nevertheless, plaintiff attempts to introduce ambiguity into the phrase by demonstrating that the definition of "total loss" has been expanded to include constructive total loss. In <u>Stahlberg v. Travelers Indemnity Co.</u>, 568 S.W.2d 79 (Mo. Ct. App. 1978), the claimant's building was partially destroyed by fire. His building was subsequently torn down and removed pursuant to a municipal ordinance. The court stated that under the doctrine of constructive loss, "there is a total loss by fire if the building is so damaged that no substantial remnant remains that a prudent uninsured person would use on rebuilding." <u>Id.</u> at 84. The general rule, in other districts as well as in Missouri, is that "if repair or reconstruction of a building damaged by fire is prohibited by municipal authorities . . . [it is] a total fire loss by operation of law." <u>Id.</u>

Under Missouri law, therefore, more than one factual situation may fit the definition of total loss. This does not mean that the term "total loss" is ambiguous in the contract between plaintiff and defendant. It simply means that total loss may encompass more than a single factual circumstance. The fact remains that examination of defendant's internal definitions of "total loss" would be irrelevant, because the definition has been established by the Missouri courts.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' amended motion [#20]
to compel is **denied.**


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE


Dated this 11th day of May, 2006.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com