UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SCOTT SCHAFFER and <br> JENNIFER FAULKNER, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF <br> AMERICA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 4:05-CV-2408 CEJ <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER**

Plaintiffs bring this action against defendant Safeco Insurance Company seeking to recover under a homeowners' insurance policy issued by defendant. Plaintiffs filed a petition in state court on November 8, 2005. In the petition, plaintiffs claim that fire damage to their home constituted a "total loss" that entitled them to recover under the insurance policy. Plaintiffs also allege that defendant vexatiously refused to pay pursuant to the policy, a violation of Mo. Rev. Stat. § 375.420. Defendant removed the suit to this Court on December 29, 2005, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Defendant moves for summary judgment, pursuant to Rule 56, Fed.R.Civ.P. Plaintiffs oppose the motion, and the issues are fully briefed.

I.  **Legal Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed. R. Civ. P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed. R. Civ. P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Citrate, 477 U.S. 317, 322 (1986).

## II. Background

The case arises out of a fire that occurred at plaintiffs' home at 908 Rutger Street, St. Louis, Missouri 63104, on March 27, 2004. At the time of the fire, two homeowners' insurance policies

were in effect for the home: Safeco Insurance Company policy number OZ3732904 (the Safeco policy), and State Farm policy number 25-KG-6573-7.

Plaintiff Schaffer first gave notice of his intention to make a claim to Safeco on either April 12, 2005 (according to plaintiffs), or May 12, 2005 (according to defendant).[1] He later submitted a proof of loss to Safeco, and when Safeco denied the claim, plaintiffs filed a petition in state court. In their petition, plaintiffs argued they were damaged in the amount of the limits of the Safeco policy. The parties agree that the limit of liability under "Coverage A" of the Safeco policy was $141,000.

The plaintiffs' house at 908 Rutger was not condemned by the city of St. Louis as a result of the fire, and plaintiffs are not aware that any condemnation proceedings were brought by any city or state entity. No order to demolish the house issued from the city of St. Louis.

A St. Louis city building inspector supervisor testified that the city could condemn a building for occupancy if it fell into disrepair and became uninhabitable. The inspector stated the city's regular practice is to condemn buildings for demolition only when they are structurally deteriorated and/or dangerous. Plaintiffs

---

[1] Although the parties disagree about the actual date of initial notice, the date is immaterial to the basis of the Court's decision in this case. The Court merely notes that the Safeco policy required "immediate" notice of an insured's intent to make a claim following a loss, and both dates were more than a year after the fire.

admit that neither the roof nor any external walls of the house collapsed as a result of the fire.

### III. Discussion

The parties disagree whether the damage to 908 Rutger that occurred as a result of the fire constitutes a "constructive total loss" as a matter of Missouri law.[2]

The issue arises as a result of Missouri's valued policy statute, which only applies if an insured has suffered a "total loss."

> In a valued policy, the value of the property insured is agreed upon by the parties. If a total loss of the insured property occurs, then the insurance company pays the stipulated value; the actual value is irrelevant. Valued policies are said to precisely fix the risks and are analogous to liquidated damages provisions in other contracts.

Polytech, Inc. v. Affiliated FM Ins. Co., 21 F.3d 271, 273 (8th Cir. 1994)(internal quotations and citations omitted). Missouri's valued policy statute states that "in the case of total loss of the property insured, the measure of damage shall be the amount for which the same was insured. . . ." Mo. Rev. Stat. § 379.140.

Under the doctrine of constructive loss, "there is a total loss by fire if the building is so damaged that no substantial remnant remains that a prudent uninsured person would use on rebuilding." Stahlberg v. Travelers Indemnity Co., 568 S.W.2d 79, 84 (Mo. Ct. App. 1978). The general rule, in other districts as

---

[2] In their response to defendant's motion for summary judgment, plaintiffs have abandoned their argument that the damage to the house constitutes a "total loss," and the Court now deems that argument waived.

well as in Missouri, is that "if repair or reconstruction of a building damaged by fire is prohibited by municipal authorities . . . [it is] a total fire loss by operation of law." Id.[3]

Viewing the facts in the light most favorable to the plaintiffs, the Court finds that as a matter of law, the damage to the plaintiffs' house does not constitute a "constructive total loss" under Missouri law. Plaintiffs admit that the City of St. Louis has not ordered the building demolished and has not condemned the building. The city has not, to plaintiffs' knowledge, commenced condemnation proceedings. Plaintiffs do not allege that the city has otherwise prohibited or prevented repairs from taking place. Plaintiffs have not established that no substantial remnant of 908 Rutger remains that a prudent uninsured person would use in rebuilding. The Court will enter summary judgment for defendant, pursuant to Rule 56(c), Fed.R.Civ.P.

Missouri's vexatious refusal statute allows a plaintiff to recover damages if "it appears from the evidence" that an insurance company refused to pay a claim "without reasonable cause or excuse." Mo. Rev. Stat. § 375.420. It does not appear Safeco

---

[3] A court in another state with a valued policy statute, Florida, explained:

> A constructive total loss occurs when a building, though still standing, is damaged to the extent that ordinances or regulations in effect at the time of the damage actually prohibit or prevent the building's repair, such that the building has to be demolished.

Greer v. Owners Insurance Co., 434 F.Supp.2d 1267, 1279 (N.D. Fla. 2006), citing Netherlands Ins. Co. v. Fowler, 181 So.2d 692, 693 (Fla. Dist. Ct. App. 1966).

5

refused to pay plaintiffs' claim without reasonable cause or excuse.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment is **granted.** A separate order of judgment will be entered this same date.

**IT IS FURTHER ORDERED** that defendant's motion [# 29] for leave to file a sur-reply is **denied as moot.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 3rd day of January, 2007.